UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT G. THOMPSON,

        Plaintiff,                      Case No. 1:13-cv-614

v.                                          Honorable Gordon J. Quist

WILLIAM C. MARIETTI,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Robert G. Thompson is presently incarcerated at the Earnest C. Brooks Correctional Facility. After his conviction for first degree murder, Plaintiff was sentenced to life in prison by the Saginaw County Circuit Court on December 9, 1981.

In his complaint, Plaintiff alleges that on October 22, 2012, he filed a petition for writ of habeas corpus in which he claimed that his underlying criminal conviction and sentence were invalid because the judges that presided over his multiple criminal trials did not take and subscribe their Oaths of Office.[1] Petitioner's habeas petition was heard by Defendant, Chief Judge William Marietti, who denied relief in an opinion and order dated February 19, 2013. Plaintiff now sues Defendant for due process violations in connection with the February 19, 2013 order. Specifically, Plaintiff alleges that Defendant failed to take, subscribe and file his current Oath of Office and thus, he did not have subject matter jurisdiction over Plaintiff's habeas petition when he denied relief.[2] Plaintiff seeks three million dollars in compensatory damages and another three million dollars in punitive damages.

---

[1] Plaintiff was tried three separate times before different Saginaw Circuit judges. After being convicted at his first trial, his conviction was reversed by the Michigan Court of Appeals and the reversal was affirmed by the Michigan Supreme Court. His second trial resulted in a mistrial because of a deadlocked jury. At his third and final trial, Plaintiff was convicted by a jury.

[2] Although not cited, Plaintiff's allegations rely on the following state election law:

> Every person elected to the office of judge of the circuit court, before entering upon the duties of his office, shall take and subscribe to the oath as provided in section 1 of article 11 of the state constitution, and file the same with the secretary of state and a copy with each county clerk in his circuit.

MICH. COMP. LAWS § 168.420.

**Discussion**

Plaintiff's complaint fails to state a claim upon which relief can be granted for several reasons. First, section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). In order to state a claim under § 1983, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right secured by the constitution or the laws of the United States. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Thus, a plaintiff in a §1983 action must first "identify the exact contours of the underlying [federal] right said to have been violated." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). Here, Plaintiff claims that his due process rights were violated when Defendant denied habeas relief because Plaintiff allegedly failed to comply with state law by taking and subscribing to his Oath of Office.[3] Plaintiff fails to explain how Defendant's alleged violation of state law rises to the level of a federal constitutional claim. Plaintiff's assertion that Defendant violated state law therefore fails to state a claim under § 1983.

Second, the United States Supreme Court has long held that "[t]he *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). Thus, even if Defendant failed to comply with state mandated procedures prior to presiding over Plaintiff's criminal case, the *de facto* officer doctrine confers validity upon his actions.

Third, as a judicial officer, Defendant is immune from suit for actions undertaken in conformance with the requirements of his office. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)

---

[3] Plaintiff fails to specify whether he is claiming procedural or substantive due process violations. The omission is irrelevant however, because Plaintiff fails to sufficiently demonstrate any due process violations.

("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. Although Plaintiff alleges that Defendant lacked jurisdiction because he failed to complete his Oath of Office, as previously discussed, that alleged failure did not deprive him of jurisdiction because of the *de facto* officer doctrine. Accordingly, Defendant is absolutely immune from liability and thus, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

On July 16, 2013, Plaintiff filed a Motion to Amend 42 U.S.C. § 1983 Civil Rights Complaint (docket #6). In his Motion, Plaintiff seeks to add a claim for injunctive relief. Injunctive relief is not available under § 1983 because that statute provides that injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999), and the

Court will deny his Motion. *Thiokol Corp. v. Michigan Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) ( holding that if a claim would be properly dismissed, amendment to add the claim would be futile.)

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Additionally, the Court will deny Plaintiff's Motion to Amend 42 U.S.C. § 1983 Civil Rights Complaint (docket #6) because Plaintiff cannot state a claim for injunctive relief and amendment would be futile.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 23, 2013            /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE